ful or unlawful, was rendered concerning it So far as this judgment is concerned, whether lawful or unlawful, is deemed quite immaterial." I have thus no difficulty in concluding that the United States assessor was acting strictly within his jurisdiction in assessing the taxes in question; that with the command of an act of congress of July 14, 1870, unrepealed and undisturbed, by any judicial decision, the revenue officers would have been criminal in not yielding obedience to it, and conforming their conduct to its requirements. That, however, it may be determined hereafter in other proceedings as to the validity and legislative efficacy of this act of July 14, 1870, that matter cannot be inquired of and determined in the form of suit now before the court, and that the proceedings of the assessor, being both based on legislative command, and on a discretion exercised by him in reference to a matter strictly within his jurisdiction, cannot in any sense be considered void or a nullity; and that the sums levied under these circumstances are United States taxes—within the meaning of the act of congress—prohibiting courts maintaining suits restraining their assessment or collection. Let a decree therefore be entered dissolving the injunction and dismissing the bill, with costs for the defendants.

---

## Case No. 3,768.

### DELAWARE RIVER CO. v. THOMAS.

[The case reported under above title in 20 Int. Rev. Rec. 175, and 20 Pittsb. Leg. J. 19, is the same as Case No. 3,769.]

---

## Case No. 3,769.

### DELAWARE RIVER STORAGE CO. v. The THOMAS.

[15 Int. Rev. Rec. 147; 4 Chi. Leg. News, 218; 29 Leg. Int. 116; 6 Abb. Law J. 292; 6 Am. Law Rev. 765; 7 Am. Law Rev. 381; 20 Pittsb. Leg. J. 19; 20 Int. Rev. Rec. 175, 4 Leg. Gaz. 114.]

Circuit Court, E. D. Pennsylvania. April 1, 1872.

MARITIME LIENS—WHARFAGE—ADMIRALTY JURISDICTION.

1. A claim for wharfage as a maritime lien upon the respondent's vessel is not cognizable in admiralty.

2. The admiralty jurisdiction is not to be invoked to enforce common law rights, for which the common law has provided appropriate and efficacious remedies.

[In admiralty. Appeal from the district court of the United States for the eastern district of Pennsylvania.]

J. Warren Coulston, for appellant.
Isaac Hazlehurst, contra.

McKENNAN, Circuit Judge. In Jones v. The Coal Barges [Case No. 7,458], Mr. Justice Grier, with characteristic sententious-

ness, said: "A court of admiralty is not needed to try common law actions of trespass, nor to administer common law remedies in any form." And so it may be said here, that the admiralty jurisdiction is not to be invoked to enforce common law rights, for which the common law has provided appropriate and efficacious remedies. The libellants are wharfingers at Philadelphia, and presented their libel in rem, to the district court, to enforce the payment of wharfage as a maritime lien upon the respondent's vessel. There is no authoritative adjudication that a claim of this sort stands upon such a footing. Certainly it has not been so decided by the supreme court. The weight of judicial opinion is the other way. It has generally been treated only as a common law lien, to be enforced by the detention of the vessel by the wharfinger, or to be recognized and paid as such out of the proceeds of the sale of the vessel, which had been brought under the control of the court otherwise than by an original libel, founded upon the dockage demand. This is the import of the opinion of Judge Peters, in Gardner v. The New Jersey [Id. 5,233], and of Mr. Justice Johnson in The St. Iago de Cuba, 9 Wheat. [22 U. S.] 418; and I do not regard the opinion of Judge Story in Ex parte Lewis [Case No. 8,310] as determining a different rule. Until the supreme court shall decide otherwise, I see no reason for expanding the admiralty cognizance of a demand, which rests securely upon a basis of common law right, and for the enforcement of which by the wharfinger himself the common law supplies an effectual remedy. The disallowance of the libel by the district court is therefore affirmed.

---

DELCOL (ARNOLD v.).    See Case No. 556.

---

## Case No. 3,770.

### The DELHI.

[4 Ben. 345.][1]

District Court, S. D. New York. Nov. Term, 1870.

DELIVERY OF CARGO — NOT ACCOUNTABLE FOR BREAKAGE—NEGLIGENCE—BURDEN OF PROOF.

1. Under a provision in a bill of lading, that the vessel shall not be accountable for leakage, breakage or rust, the vessel is nevertheless responsible for negligence or want of skill or care in her lading, stowage or delivery of the cargo. But such negligence or want of care or skill must be affirmatively shown by the party alleging it.

[Cited in Vaughan v. 630 Casks of Sherry Wine, Case No 16,900; Wolff v. The Vaderland, 18 Fed. 740.]

2. Where a bill of lading for cases of plate glass contained the clause, "Not accountable for breakage," and it appeared, that, when the cargo was discharged, certain of the cases were

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]